UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ZEFERINO FERNANDEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>        Defendant. | No. CV 09-00109 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Zeferino Fernandez ("Fernandez") filed a Complaint on January 8, 2009. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on January 15 and March 5, 2009. (Dkt. Nos. 8-9.) The parties filed a Joint Stipulation ("JS") on September 1, 2009, that addressed the disputed issues in the case. The Commissioner filed the certified administrative record ("AR"). The Court has taken the Joint Stipulation under submission without oral argument.

Having reviewed the entire file, the Court concludes that this matter is affirmed in part, reversed in part, and remanded for further proceedings at Step Five.

///

///

## I.

## **PROCEDURAL BACKGROUND**

On February 21, 2006, Fernandez filed an application for disability insurance benefits alleging an onset date of January 21, 2005. AR 11, 65-69. The application was denied initially. AR 54. Fernandez requested a hearing. AR 61. On March 31, 2008, an Administrative Law Judge ("ALJ") conducted a hearing at which Fernandez and a vocational expert testified. AR 28-53. On April 25, 2008, the ALJ issued a decision denying benefits. AR 8-18. Fernandez requested review. AR 7. On November 28, 2008, the Appeals Council denied review. AR 3-6. This lawsuit followed.

## II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# EVALUATION OF DISABILITY

### A.  Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B.  The ALJ's Findings

The ALJ found that Fernandez has the following severe impairments: "degenerative changes in the cervical, thoracic, and lumbar spine [ ] and, giving the claimant the benefit of the doubt, a pain disorder associated with psychological factors." AR 13.  He has the residual functional capacity ("RFC") to perform light work "except that [Fernandez] can perform postural activities occasionally, cannot climb ladders, ropes, or scaffolds, can occasionally walk on uneven terrain, can occasionally climb, requires an assistive device for prolonged ambulation, can forcefully grip occasionally, and can perform simple work."  AR 14.  Fernandez cannot perform any past relevant work.  AR 16.  However, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Fernandez] can perform," including housekeeping, cleaner, production assembler (DOT 706.687-010) and hand presser. AR 17.

### C.  Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) *see also Vasquez*, 572 F.3d at 591.

At Step One, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be

expected to produce the pain or other symptoms alleged.' The claimant, however, 'need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.' 'Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged.'" *Lingenfelter*, 504 F.3d at 1035-36 (citations omitted); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc). The ALJ found that Fernandez's "medically determinable impairments could reasonably be expected to produce the alleged symptoms." AR 14.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346

(citing Social Security Ruling 88-13,[1] quotation marks omitted); *see Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ may also consider inconsistencies or discrepancies in claimant's statements; inconsistencies between claimant's statements and activities; exaggerated complaints; and unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959; *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

      The ALJ found that Fernandez's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." AR 14. The ALJ discounted his credibility for three reasons: (1) Fernandez's activities of daily living were inconsistent with the extent of alleged incapacity (AR 14-15); (2) the objective medical evidence did not support the extent of his symptoms (AR 15-16); and (3) a psychiatric examining physician's statement concerning Fernandez's exaggeration (AR 16).

      An ALJ may rely on inconsistencies between a claimant's allegations concerning the extent of his incapacity and his activities of daily living. *Thomas*, 278 F.3d at 958-59; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ addressed Fernandez's testimony that he can sit five minutes, stand five to ten minutes, walk ten to fifteen minutes, lift five pounds, and experiences pain. AR 13-14; JS 6-7 (citing AR 43-46, 48). The ALJ also noted Fernandez's allegations of side effects including itchiness all over his body and dry mouth. AR 14, 47-48. The ALJ found these allegations inconsistent with Fernandez's ability to take his children to school, do grocery shopping, pull out weeds, water plants, and work on his car. AR 14-15. The ALJ cited

---

[1] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

Fernandez's exertional daily activities questionnaire. AR 90-92. Fernandez testified that he has a driver's license. AR 33. He can drive about 20 miles at one time. AR 91. It takes 10-20 minutes to take his children to school. *Id.* He does his own grocery shopping once or twice per week, and carries grocery bags with light items.[2] *Id.* He is able to walk two to three blocks ("it makes me feel good to get the walking exercise") but then the pain and swelling comes, and he stops. AR 90. He is able to water plants. AR 91. He pulls out weeds, but he cannot do too much bending, kneeling or lifting. *Id.* He opens the hood of the car, checks the fluids and adds fluids if necessary. *Id.* The ALJ could reasonably infer that Fernandez could not perform these activities if he had the extent of incapacity he claims. *See Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1196 (9th Cir. 2003); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) ("An adjudicator may use 'ordinary techniques of credibility evaluation' to test a claimant's credibility.").

The ALJ could properly consider the fact that objective medical findings generally do not substantiate the extent of Fernandez's allegations. AR 15. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ generally adopted the opinion of Dr. Bleecker, an examining orthopedic surgeon. AR 16, 202-05. On August 8, 2006, Dr. Bleecker diagnosed a torn right tendo-Achilles, healed, with weak calf group, and probable degenerative disc disease lumbar spine. AR 205. Dr. Bleecker opined that Fernandez "can sit, stand and walk 6 out of 8 hours. He requires the use of a cane for long distances. [He] can lift 25 pounds occasionally, 10 pounds frequently. . . . He would have difficulty climbing and walking on uneven ground." AR 205. The ALJ found that these abilities falls within the range of light work. AR 15; 20 C.F.R. § 404.1567(b). Dr. Bleecker found no restriction as to upper extremities. AR 205. The ALJ found that Dr.

---

[2] Similarly, Fernandez states he can carry a backpack with personal items to his doctor's appointments. AR 91.

Bleecker's opinion was generally consistent with a nonexamining physician, Dr. Height, and the agreed orthopedic physician in the workers compensation claim, Dr. Angerman. AR 16. Dr. Height opined that Fernandez was capable of light work. AR 16, 208-14. On April 26, 2006, Dr. Angerman examined Fernandez, reviewed his medical records and prepared a report. AR 250-84. Dr. Angerman opined that Fernandez was precluded from prolonged motions of the cervical spine; very heavy lifting; prolonged or forceful gripping, grasping, squeezing, torquing, pushing, or pulling; prolonged use of the upper extremities above shoulder level; heavy work; and repetitive or prolonged kneeling, squatting and climbing (of stairs or ladders). AR 277-80.

An ALJ may properly consider a physician's notation concerning a claimant's exaggeration. *See Thomas*, 278 F.3d at 958-59. The ALJ referred to a notation from a psychiatrist that Fernandez "was found to be exaggerating to me." AR 16, 244.

The ALJ stated "specific, clear and convincing reasons" for finding Fernandez's allegations not credible to the extent they were inconsistent with the RFC.

### D.     Chiropractor

Fernandez argues that the ALJ erred in failing to consider the opinion of an examining chiropractor, Dr. Ghiai, on May 26, 2005. A chiropractor is not an acceptable medical source. 20 C.F.R. § 404.1513(a), (d)(1). Fernandez argues that the ALJ's failure to discuss Dr. Ghiai's report was error. JS 19.

The ALJ stated that he considered the opinion evidence. AR 14. An ALJ is not required to address "'every piece of evidence.'" *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted). With respect to chiropractor reports, "there is no requirement that the Secretary accept or specifically refute such evidence." *Bunnell v. Sullivan*, 912 F.2d 1149, 1152 (9th Cir. 1990), *rev'd on other grounds*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).

Nevertheless, this court remands this matter to the ALJ for clarification of his RFC assessment. The ALJ states that he generally adopted Dr. Bleecker's opinion. AR 16. The ALJ further found that "Dr. Bleecker's opinion is generally consistent with the

opinion of the State Agency physician and Dr. Angerman," and "[t]here is no contrary medical opinion evidence in the record." *Id.* On the other hand, Dr. Angerman assessed additional restrictions that Fernandez was precluded from prolonged motions of the cervical spine; prolonged or forceful gripping, grasping, squeezing, torquing, pushing, or pulling; prolonged use of the upper extremities above shoulder level. AR 277-80. It is unclear, therefore, whether the ALJ intended to adopt these restrictions. Although the RFC contains a restriction that Fernandez can forcefully grip only occasionally, the other restrictions noted by Dr. Angerman are not mentioned. AR 14. If the ALJ intended to include these additional restrictions, the ALJ should proceed with the Step Five analysis accordingly.

**IV.**

**CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed in part, reversed in part, and remanded for further proceedings at Step Five consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 7, 2010

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE